1  ANTHONY M. BARNES (Bar No. 199048)
   Email: amb@atalawgroup.com
2  ERICA A. MAHARG (Bar No. 279396)
3  Email: eam@atalawgroup.com
   KENYA S. ROTHSTEIN (Bar No. 340854)
4  Email: ksr@atalawgroup.com
5  AQUA TERRA AERIS (ATA) LAW GROUP
   8 Rio Vista Ave.
6  Oakland, CA 94611
7  Telephone: 917-371-8293

8
   [Additional counsel p. 2]
9
   *Attorneys for Plaintiff*
10 LOS ANGELES WATERKEEPER

11

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a California non-profit association, | Case No. 2:24-cv-09956-SRM-JPR |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | |
| Defendant. | |

Benjamin A. Harris (Bar No. 313193)
Email: ben@lawaterkeeper.org
Erina Kwon (Bar No. 235079)
Email: erina@lawaterkeeper.org
LOS ANGELES WATERKEEPER
360 E. 2nd Street Suite 250
Los Angeles, CA 90012
Phone: (310) 394-6162

WILLIAM CARLON (Bar No. 305739)
Email: william@carlonlaw.com
LAW OFFICE OF WILLIAM CARLON
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115

*Attorneys for Plaintiff*
LOS ANGELES WATERKEEPER

ALLISON WATKINS MALLICK (State Bar No. 274934)
Email: allison.mallick@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street 36th Floor, Suite 3600
San Francisco, California 94111
Tel: (415) 291-6200
Facsimile: (415) 291-6300

*Attorney for Defendant*
UNION PACIFIC RAILROAD COMPANY

Pursuant to the Court's order, ECF No. 16, Plaintiff Los Angeles Waterkeeper ("Plaintiff" or "Waterkeeper") and Defendant Union Pacific Railroad Company ("Defendant" or "UPRR") submit this Joint Case Management Statement.

## I. DATE COMPLAINT FILED

Waterkeeper filed the complaint on November 18, 2024 (ECF No. 1), and UPRR waived service on December 9, 2025 (ECF No. 10).

## II. DESCRIPTION OF THE PARTIES

Plaintiff Los Angeles Waterkeeper is a non-profit 501(c)(3) organization. Waterkeeper is dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of local surface waters.

Defendant Union Pacific Railroad Company is a corporation formed in Delaware and registered in California. UPRR owns or operates the four facilities at issue in this Action.

## III. SUMMARY OF ALL CLAIMS, COUNTERCLAIMS, CROSSCLAIMS, OR THIRD PARTY CLAIMS

Waterkeeper alleges that UPRR has violated and is violating the federal Clean Water Act, 33 U.S.C. § 1251 *et seq* (CWA), and California's General Industrial Storm Water Permit, National Pollution Discharge Elimination System ("NPDES") General Permit No. CAS000001 Water Quality Order No. 2014-0057-DWQ as amended by Order No. 2015-0122-DWQ and as subsequently amended by Order No. 2018-0028-DWQ (hereafter the "Storm Water Permit") at four facilities owned or operated by UPRR: City of Industry, Dolores, ICTF, and Valla Yard (collectively, the "Facilities"). Specifically, Waterkeeper alleges that UPRR has violated and is violating the Storm Water Permit and the CWA by:

1. Failing to implement adequate best management practices ("BMPs") to reduce pollutants in storm water using the best available technology economically achievable ("BAT") or best conventional pollutant control technology ("BCT") at the Facilities;

      2.     Discharging storm water with pollutants that exceed numeric effluent limitations;

      3.     Failing to meet the receiving water limitations of the Storm Water Permit;

      4.     Failing to adequately develop, and/or implement a storm water pollutant prevention plan that meets the requirements of the Storm Water Permit;

      5.     Failing to adequately develop, implement, and/or revise a monitoring and reporting plan that meets the requirements of the Storm Water Permit; and

      6.     Failing to report as required by the Storm Water Permit.

There are currently no counterclaims, crossclaims, or third party claims in this Action.

## IV. BRIEF DESCRIPTION OF THE EVENTS UNDERLYING THE ACTION

### A. Waterkeeper's Statement

UPRR's storm water sampling over the past five years demonstrates that storm water discharging from the Facilities includes concentrations of pollutants, including zinc, copper, pH, total suspended solids (TSS), and oil and grease, at levels exceeding those allowed by the Storm Water Permit. Reports submitted by UPRR further demonstrate that Defendant is violating the Storm Water Permit because Defendant has failed to develop and implement sufficient BMPs, failed to disclose noncompliance, did not adequately describe the Facilities and pollutant sources, and failed to adequately monitor discharges. Waterkeeper notified UPRR, as well as required federal and state agencies, of the violations on September 12, 2024. 40 C.F.R. § 135.2(a)(2) (notice requirement).

### B. UPRR's Statement

UPRR's storm water sampling over the past five years demonstrates compliance with the Storm Water Permit. Reports submitted by UPRR and uploaded to California's Stormwater Multiple Application and Report Tracking System further demonstrate that UPRR has developed and implemented sufficient BMPs, disclosed

and addressed instances of noncompliance, adequately described the Facilities and pollutant sources, and adequately monitored discharges.

## V. DESCRIPTION OF THE RELIEF SOUGHT

Waterkeeper seeks a Court order (1) declaring that UPRR has violated and is violating the Clean Water Act; (2) enjoining Defendant from violating the substantive and procedural requirements of the Storm Water Permit; (3) an order of civil penalties, and (4) an award of Plaintiff's reasonable costs and consultant, expert, and attorney fees. Waterkeeper does not seek damages.

## VI. STATUS OF DISCOVERY

The Parties have not conducted any discovery to date. The Court has not yet scheduled the scheduling conference for this Action; therefore, the Parties have not yet conferred pursuant to Fed. R. Civ. Proc. 26(f) or exchanged initial disclosures.

## VII. PROCEDURAL HISTORY

Following the filing of the Complaint, the Parties have engaged in settlement discussions, including a visit by Plaintiff to the Facilities. In lieu of Defendant filing an answer, the Parties filed a Joint Stipulation for Extension of Time to File a Response to the Complaint, which was approved, giving Defendant until March 5, 2025, to respond to the Complaint. (ECF Nos. 13, 14). In furtherance of ongoing settlement discussions, the Parties filed a Joint Request and Stipulation to Extend Time to Respond to Plaintiff's Complaint by 30 Days to Continue Settlement Discussions, which has not yet been granted as of the filing of this Statement. (ECF No. 17). Rather than await final action on the Joint Request, Defendant anticipates soon submitting its answer.

Other than the foregoing, there is no other procedural history.

## VIII. DEADLINES BEFORE REASSIGNMENT

There were no pending deadlines, other than Defendant's deadline to respond to the complaint prior to the reassignment. Thus, no deadline should be amended.

### IX. CONSENT TO MAGISTRATE JUDGE

The Parties do not currently intend to consent to magistrate judge jurisdiction.

### X. NEED FOR CASE MANAGEMENT CONFERENCE

The Parties are currently engaged in settlement discussions and would like time to continue those discussions prior to significant litigation. Accordingly, the Parties request that the Court schedule a Scheduling Conference, under Fed. R. Civ. P. 26(f), for May 29, 2025, or as soon thereafter as is convenient for the Court.

### XI. IMMEDIATE RELIEF SOUGHT REGARDING CASE SCHEDULE

A schedule has not been entered in this Action. Accordingly, no relief regarding the case schedule is necessary.

Respectfully submitted,

DATED: March 18, 2025    AQUA TERRA AERIS LAW GROUP

*/s/ Erica A. Maharg*
Erica A. Maharg
Attorneys for Plaintiff
LOS ANGELES WATERKEEPER

DATED: March 18, 2025    BAKER BOTTS L.L.P.

*/s/ Allison Watkins Mallick*
Allison Watkins Mallick
Attorneys for Defendant
UNION PACIFIC RAILROAD CO.

I attest that Defendant's counsel has concurred in the signing and filing of this document.

DATED: March 18, 2025    */s/ Erica A. Maharg*
Erica A. Maharg