Allison Watkins Mallick (State Bar No. 274934)
Baker Botts L.L.P.
101 California Street
36th Floor, Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300
Email: allison.mallick@bakerbotts.com

*Appearance by Attorney for Defendant*
*Union Pacific Railroad Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a California non-profit association,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>                    Defendant. | Case No. 2:24-cv-09956-SRM-JPR<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: November 18, 2024<br>Trial Date:        None set. |

-1-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

Defendant Union Pacific Railroad Company ("UPRR") by and through its undersigned counsel, answers the Complaint in the following numbered paragraphs corresponding to the numbered paragraphs in the Complaint.  All allegations not expressly and specifically admitted are hereby expressly and specifically denied.[1]

## RESPONSE TO SPECIFIC ALLEGATIONS

1.    The allegations in Paragraph 1 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 1 are denied.

2.    UPRR admits that Plaintiff provided a notice of alleged violations ("Notice") to UPRR by means of a letter dated September 12, 2024.  UPRR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and therefore denies them.  UPRR disputes whether legally adequate notice was provided as to all alleged violations.

3.    UPRR admits that the Notice is attached to the Complaint and denies the remaining allegations in Paragraph 3.

4.    To the extent the allegations in Paragraph 4 seek to characterize the contents of the Notice, that document speaks for itself, and no further response is required.  To the extent any response is deemed necessary, the allegations in Paragraph 4 are denied.

5.    To the extent the allegations in Paragraph 5 seek to characterize the contents of the Notice, that document speaks for itself, and no further response is

---

[1] Apart from its 247 numbered paragraphs, the Complaint contains headings and subheadings structured in outline form, to which no responsive pleading is required. To the extent a response is deemed necessary, UPRR denies every allegation in every heading and sub-heading contained in the Complaint.

-2-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

required. To the extent any response is deemed necessary, the allegations in Paragraph 5 are denied.

6. UPRR admits that 60 days have passed since the Notice was served on UPRR. UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

7. The allegations in Paragraph 7 state legal conclusions to which no responsive pleading is required. To the extent any response is deemed necessary, the allegations in Paragraph 7 are denied.

8. The allegations in Paragraph 8 state legal conclusions to which no responsive pleading is required. To the extent any response is deemed necessary, the allegations in Paragraph 8 are denied.

9. The allegations in Paragraph 9 state legal conclusions to which no responsive pleading is required. To the extent any response is deemed necessary, the allegations in Paragraph 9 are denied.

10. Denied.

11. Denied.

12. The allegations in Paragraph 12 state legal conclusions to which no responsive pleading is required. To the extent any response is deemed necessary, the allegations in Paragraph 12 are denied.

13. The allegations in Paragraph 13 state legal conclusions to which no responsive pleading is required. To the extent any response is deemed necessary, the allegations in Paragraph 13 are denied.

14. UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

-3-
ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

15.     UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.     UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17.     Denied.

18.     The allegations in Paragraph 18 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 19 are denied.

19.     The allegations in Paragraph 19 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 19 are denied.

20.     The allegations in Paragraph 20 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 20 are denied.

21.     Admitted insofar as Defendant maintains its principal place of business in Nebraska at the address listed.

22.     Denied insofar as Defendant leases (and does not own) some of the properties used by the Facilities.

23.     Denied insofar as Defendant leases (and does not own) some of the properties used by the Facilities.

24.     Admit.

25.     Admit.

26.     Admit.

27.     Admit.

28.     To the extent an allegation is made and response required, it is denied.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

29.     The allegations in Paragraph 29 state legal conclusions to which no
responsive pleading is required.  To the extent any response is deemed necessary,
the allegations in Paragraph 29 are denied.

30.     The allegations in Paragraph 30 state legal conclusions to which no
responsive pleading is required.  To the extent any response is deemed necessary,
the allegations in Paragraph 30 are denied.

31.     The remaining allegations in Paragraph 31 state legal conclusions to
which no responsive pleading is required.  To the extent any response is deemed
necessary, the remaining allegations in Paragraph 31 are denied.

32.     The allegations in Paragraph 32 state legal conclusions to which no
responsive pleading is required.  To the extent any response is deemed necessary,
the allegations in Paragraph 32 are denied.

33.     The allegations in Paragraph 33 state legal conclusions to which no
responsive pleading is required.  To the extent any response is deemed necessary,
the allegations in Paragraph 33 are denied.

34.     The allegations in Paragraph 34 state legal conclusions to which no
responsive pleading is required.  To the extent any response is deemed necessary,
the allegations in Paragraph 34 are denied.

35.     The allegations in Paragraph 35 state legal conclusions to which no
responsive pleading is required.  To the extent any response is deemed necessary,
the allegations in Paragraph 35 are denied.

36.     The allegations in Paragraph 36 state legal conclusions to which no
responsive pleading is required.  To the extent any response is deemed necessary,
the allegations in Paragraph 36 are denied.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

37.    To the extent the allegations in Paragraph 37 seek to characterize the contents of publicly available documents, those documents speak for themselves, and no further response is required.  To the extent any response is deemed necessary, the allegations in Paragraph 37 are denied.

38.    The allegations in Paragraph 38 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 38 are denied.

39.    The allegations in Paragraph 39 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 39 are denied.

40.    The allegations in Paragraph 40 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 40 are denied.

41.    The allegations in Paragraph 41 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 41 are denied.

42.    The allegations in Paragraph 42 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 42 are denied.

43.    The allegations in Paragraph 43 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 43 are denied.

44.    The allegations in Paragraph 44 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 44 are denied.

45.     The allegations in Paragraph 45 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 45 are denied.

46.     The allegations in Paragraph 46 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 46 are denied.

47.     The allegations in Paragraph 47 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 47 are denied.

48.     The allegations in Paragraph 48 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 48 are denied.

49.     The allegations in Paragraph 49 state legal conclusions to which no responsive pleading is required.  To the extent any response is deemed necessary, the allegations in Paragraph 49 are denied.

50.     To the extent the allegations in Paragraph 50 seek to characterize the contents of the Storm Water Permit ("General Permit"), that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

51.     To the extent the allegations in Paragraph 51 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

52.     To the extent the allegations in Paragraph 52 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

53.     To the extent the allegations in Paragraph 53 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

54.     To the extent the allegations in Paragraph 54 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

55.     To the extent the allegations in Paragraph 55 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

56.     To the extent the allegations in Paragraph 56 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

-8-

57.     To the extent the allegations in Paragraph 57 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

58.     To the extent the allegations in Paragraph 58 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

59.     To the extent the allegations in Paragraph 59 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

60.     To the extent the allegations in Paragraph 60 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

61.     To the extent the allegations in Paragraph 61 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

62.     Paragraph 62 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

63.     Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

64.     Paragraph 64 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

65.     To the extent the allegations in Paragraph 65 seek to characterize the Parameter Benchmark Values, they speak for themselves and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

66.     Paragraph 66 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

67.     To the extent the allegations in Paragraph 67 seek to characterize the contents of the Basin Plan, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

68.     To the extent the allegations in Paragraph 68 seek to characterize the contents of the Basin Plan, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is

-10-

required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

69.    To the extent the allegations in Paragraph 69 seek to characterize the contents of the Basin Plan, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

70.    To the extent the allegations in Paragraph 70 seek to characterize the contents of the Basin Plan, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

71.    To the extent the allegations in Paragraph 71 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

72.    To the extent the allegations in Paragraph 72 seek to characterize the contents of publicly available documents, those documents speak for themselves and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

73.    To the extent the allegations in Paragraph 73 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no

-11-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

74.    To the extent the allegations in Paragraph 74 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

75.    To the extent the allegations in Paragraph 75 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

76.    To the extent the allegations in Paragraph 76 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

77.    To the extent the allegations in Paragraph 77 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

78.    To the extent the allegations in Paragraph 78 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no

-12-

response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

79.   To the extent the allegations in Paragraph 79 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

80.   To the extent the allegations in Paragraph 80 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

81.   To the extent the allegations in Paragraph 81 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

82.   To the extent the allegations in Paragraph 82 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

83.   To the extent the allegations in Paragraph 83 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no

-13-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

84.     To the extent the allegations in Paragraph 84 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

85.     To the extent the allegations in Paragraph 85 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

86.     To the extent the allegations in Paragraph 86 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

87.     To the extent the allegations in Paragraph 87 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

88.     To the extent the allegations in Paragraph 88 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no

-14-

response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

89. To the extent the allegations in Paragraph 89 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

90. To the extent the allegations in Paragraph 90 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

91. To the extent the allegations in Paragraph 91 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

92. To the extent the allegations in Paragraph 92 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

93. To the extent the allegations in Paragraph 93 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no

-15-

response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

94. To the extent the allegations in Paragraph 94 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

95. To the extent the allegations in Paragraph 95 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

96. To the extent the allegations in Paragraph 96 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

97. To the extent the allegations in Paragraph 97 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

98. To the extent the allegations in Paragraph 98 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no

-16-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

99.  To the extent the allegations in Paragraph 99 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

100.  To the extent the allegations in Paragraph 100 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

101.  To the extent the allegations in Paragraph 101 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

102.  To the extent the allegations in Paragraph 102 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

103.  To the extent the allegations in Paragraph 103 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

104.  To the extent the allegations in Paragraph 104 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

105.  UPRR admits that it operates the City of Industry Facility located at 17225 Arenth Ave.  To the extent the allegations in Paragraph 105 seek to characterize the contents of the City of Industry SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

106.  To the extent the allegations in Paragraph 106 seek to characterize the contents of the City of Industry SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

107.  To the extent the allegations in Paragraph 107 seek to characterize the contents of the City of Industry SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

108.  Denied.

109.  Denied.

-18-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

110.   To the extent the allegations in Paragraph 110 seek to characterize the contents of the City of Industry SWPPP, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

111.   To the extent the allegations in Paragraph 111 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

112.   Denied.

113.   UPRR admits that it operates the Dolores Facility located at 2442 Carson Street.  To the extent the allegations in Paragraph 113 seek to characterize the contents of the City of Industry SWPPP, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

114.   To the extent the allegations in Paragraph 114 seek to characterize the contents of the Dolores Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

115.   To the extent the allegations in Paragraph 115 seek to characterize the contents of the Dolores Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which

-19-

no response is required.  To the extent a response is required, UPRR denies the
allegations in this Paragraph.

116.   To the extent the allegations in Paragraph 116 seek to characterize the
contents of the Dolores Facility SWPPP, that document speaks for itself and no
further response is required.  This Paragraph also contains legal conclusions to which
no response is required.  To the extent a response is required, UPRR denies the
allegations in this Paragraph.

117.   To the extent the allegations in Paragraph 117 seek to characterize the
contents of the Dolores Facility SWPPP, that document speaks for itself and no
further response is required.  This Paragraph also contains legal conclusions to which
no response is required.  To the extent a response is required, UPRR denies the
allegations in this Paragraph.

118.   To the extent the allegations in Paragraph 118 seek to characterize the
contents of the Dolores Facility SWPPP, that document speaks for itself and no
further response is required.  This Paragraph also contains legal conclusions to which
no response is required.  To the extent a response is required, UPRR denies the
allegations in this Paragraph.

119.   To the extent the allegations in Paragraph 119 seek to characterize the
contents of the Dolores Facility SWPPP, that document speaks for itself and no
further response is required.  This Paragraph also contains legal conclusions to which
no response is required.  To the extent a response is required, UPRR denies the
allegations in this Paragraph.

120.   To the extent the allegations in Paragraph 120 seek to characterize the
contents of the Dolores Facility SWPPP, that document speaks for itself and no
further response is required.  This Paragraph also contains legal conclusions to which

-20-

no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

121.   To the extent the allegations in Paragraph 121 seek to characterize the contents of the Dolores Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

122.   To the extent the allegations in Paragraph 122 seek to characterize the contents of the ICTF Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

123.   To the extent the allegations in Paragraph 123 seek to characterize the contents of the ICTF Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

124.   To the extent the allegations in Paragraph 124 seek to characterize the contents of the ICTF Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

125.   To the extent the allegations in Paragraph 125 seek to characterize the contents of the ICTF Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

126.  To the extent the allegations in Paragraph 126 seek to characterize the contents of the ICTF Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

127.  To the extent the allegations in Paragraph 127 seek to characterize the contents of the ICTF Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

128.  UPRR admits that it operates the Valla Facility located at 9636 Sorensen Avenue.  To the extent the allegations in Paragraph 128 seek to characterize the contents of the Valla Facility SWPPP, that document speaks for itself and no further response is required. This Paragraph also contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

129.  To the extent the allegations in Paragraph 129 seek to characterize the contents of the Valla Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

130.  To the extent the allegations in Paragraph 130 seek to characterize the contents of the Valla Facility SWPPP, that document speaks for itself and no further

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

131.  To the extent the allegations in Paragraph 131 seek to characterize the contents of the Valla Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

132.  To the extent the allegations in Paragraph 132 seek to characterize the contents of the Valla Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

133.  To the extent the allegations in Paragraph 133 seek to characterize the contents of the Valla Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

134.  To the extent the allegations in Paragraph 134 seek to characterize the contents of the Valla Facility SWPPP, that document speaks for itself and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

135.  UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and therefore denies them.

-23-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

136.   UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and therefore denies them.

137.   UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and therefore denies them.

138.   UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, and therefore denies them.

139.   UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and therefore denies them.

140.   Admitted.

141.   Admitted.

142.   UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and therefore denies them.

143.   Denied.

144.   Paragraph 144 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

145.   Paragraph 145 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

146.   Denied.

147.   Paragraph 147 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

-24-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

148.  Paragraph 148 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

149.  Paragraph 149 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

150.  Paragraph 150 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

151.  Paragraph 151 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

152.  Paragraph 152 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

153.  UPRR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and therefore denies them.

154.  Paragraph 154 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

155.  To the extent the allegations in Paragraph 155 seek to characterize the contents of publicly available documents, those documents speak for themselves and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

156.   To the extent the allegations in Paragraph 156 seek to characterize the contents of publicly available documents, those documents speak for themselves and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

157.   Paragraph 157 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

158.   Paragraph 158 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

159.   Paragraph 159 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Paragraph 163 seek to characterize the contents of Facility SWPPPs, those documents speak for themselves and no further response is required.  This Paragraph also contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

164.   Paragraph 164 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

-26-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

165. Paragraph 165 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

166. Paragraph 166 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

167. Paragraph 167 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

168. Paragraph 168 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

169. Paragraph 169 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

170. Paragraph 170 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

171. Paragraph 171 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

172. Paragraph 172 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

-27-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

173.    Paragraph 173 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

174.    Paragraph 174 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

175.    Paragraph 175 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

176.    Paragraph 176 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

177.    Paragraph 177 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

178.    Paragraph 178 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

179.    Paragraph 179 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

180.    Paragraph 180 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

181.    Denied.

-28-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

**FIRST CAUSE OF ACTION**

**(Discharges of Contaminated Storm Water in Violation of the Storm Water Permit's Effluent Limitations and the Clean Water Act)**

182. Paragraph 182 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

183. Paragraph 183 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

184. Paragraph 184 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

185. Paragraph 185 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

186. Paragraph 186 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

187. UPRR restates its responses to the preceding paragraphs as if fully set forth herein.

188. To the extent the allegations in Paragraph 188 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

-29-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

189.   To the extent the allegations in Paragraph 189 seek to characterize the contents of the General Permit, that document speaks for itself and no further response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

190.   Paragraph 190 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

191.   Paragraph 191 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

## SECOND CAUSE OF ACTION
### (Violation of Section 301(a) of the Clean Water Act by Discharging Contaminated Storm Water in Violation of the Storm Water Permit's Numeric Effluent Limitations)

192.   UPRR restates its responses to the preceding paragraphs as if fully set forth herein.

193.   Paragraph 193 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

194.   Paragraph 194 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

195.   Paragraph 195 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

196. Paragraph 196 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

197. Paragraph 197 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

198. Paragraph 198 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

199. Paragraph 199 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

200. Paragraph 200 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

201. Paragraph 201 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

202. Paragraph 202 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

**THIRD CAUSE OF ACTION**
**(Defendant's Discharges of Contaminated Storm Water in Violation of the Storm Water Permit's Receiving Water Limitations and the Clean Water Act)**

203.   UPRR restates its responses to the preceding paragraphs as if fully set forth herein.

204.   Paragraph 204 contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

205.   Paragraph 205 contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

206.   Paragraph 206 contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

207.   Paragraph 207 contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

208.   Paragraph 208 contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

209.   Paragraph 209 contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

210.   Paragraph 210 contains legal conclusions to which no response is required.   To the extent a response is required, UPRR denies the allegations in this Paragraph.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

211.    Paragraph 211 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

212.    Paragraph 212 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

## FOURTH CAUSE OF ACTION
### (Defendant's Failure to Adequately Develop, Implement, and/or Revise a Storm Water Pollutant Prevention Plan in Violation of the Storm Water Permit and the Clean Water Act)

213.    UPRR restates its responses to the preceding paragraphs as if fully set forth herein.

214.    Paragraph 214 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

215.    Paragraph 215 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

216.    Paragraph 216 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

217.    Paragraph 217 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

218. Paragraph 218 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

219. Paragraph 219 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

220. Paragraph 220 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

221. Paragraph 221 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

222. Paragraph 222 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

223. Paragraph 223 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

224. Paragraph 224 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

**FIFTH CAUSE OF ACTION**
**(Defendant's Failure to Adequately Develop, Implement, and/or Revise a Monitoring and Reporting Plan in Violation of the Storm Water Permit and the Clean Water Act)**

225.   UPRR restates its responses to the preceding paragraphs as if fully set forth herein.

226.   Paragraph 226 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

227.   Paragraph 227 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

228.   Paragraph 228 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

229.   Paragraph 229 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

230.   Paragraph 230 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

231.   Paragraph 231 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

232. Paragraph 232 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

233. Paragraph 233 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

234. Paragraph 234 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

235. Paragraph 235 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

236. Paragraph 236 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

### SIXTH CAUSE OF ACTION
**(Defendant's Failure to Report as Required by the Storm Water Permit in Violation of the Storm Water Permit and the Clean Water Act)**

237. Paragraph 237 contains legal conclusions to which no response is required. To the extent a response is required, UPRR denies the allegations in this Paragraph.

238. To the extent the allegations in Paragraph 238 seek to characterize the contents of publicly available documents, those documents speak for themselves, and no further response is required. To the extent any response is deemed necessary, the allegations in Paragraph 37 are denied.

-36-

239.    To the extent the allegations in Paragraph 239 seek to characterize the contents of publicly available documents, those documents speak for themselves, and no further response is required.  To the extent any response is deemed necessary, the allegations in Paragraph 37 are denied.

240.    Paragraph 240 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

241.    Paragraph 241 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

242.    Paragraph 242 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

243.    Paragraph 243 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

244.    Paragraph 244 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

245.    Paragraph 245 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

246.    Paragraph 246 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

-37-

247.    Paragraph 247 contains legal conclusions to which no response is required.  To the extent a response is required, UPRR denies the allegations in this Paragraph.

## PRAYER FOR RELEIF

The final paragraphs of the Complaint contain Plaintiff's prayers for relief to which no response is required.  To the extent responses may be required, UPRR denies the allegations set forth therein, and denies that Plaintiff is entitled to the relief it seeks.

## GENERAL DENIAL

Except as expressly alleged or admitted by UPRR in this Answer, UPRR denies each and every allegation of the Complaint and deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to each and every claim asserted in the Complaint, UPRR asserts the following:

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

The Complaint, and each claim presented therein, fails to state facts sufficient to constitute a plausible claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Failure to Exhaust Administrative and Judicial Remedies)

The claims asserted in the Complaint are barred by Plaintiff's failure to exhaust administrative and judicial remedies, including the Clean Water Act's notice provisions, prior to initiating this litigation.

//

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

### THIRD AFFIRMATIVE DEFENSE
**(Standing)**

Plaintiff lacks standing to bring this action, including under the U.S. Constitution and 28 U.S.C. sections 1319 and 1365.

### FOURTH AFFIRMATIVE DEFENSE
**(Compliance with Permitting Requirements)**

Some or all of the claims in the Complaint are barred by 33 U.S.C. section 1342(k).

### FIFTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Some or all of the claims in the Complaint are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE
**(Wholly Past Violations)**

Some or all of the claims in the Complaint are barred because there is no ongoing violation of the Clean Water Act. *Gwaltney of Smithfield v. Chesapeake Bay Found*. 484 U.S. 48 (1987).

### SEVENTH AFFIRMATIVE DEFENSE
**(Unjust Enrichment)**

Plaintiff's alleged claims are barred to the extent any recovery would result in unjust enrichment to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
**(Relief Inconsistent with Regulatory Schemes)**

Plaintiff's alleged claims are barred, in whole or in part, to the extent Plaintiff seeks any relief inconsistent with the applicable federal regulatory schemes for addressing alleged releases of contaminants of concern.

-39-

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

### NINTH AFFIRMATIVE DEFENSE
**(Conformance with Governing Law and Industry Standards)**

UPRR alleges that it has conformed to and performed any and all obligations imposed by applicable statutes, regulations, permits, and industry standards to the full extent of their responsibilities. In addition, UPRR's conduct conformed to the generally recognized state of scientific, medical, and technical knowledge in existence at all relevant times.

### TENTH AFFIRMATIVE DEFENSE
**(Exercise of Due Care)**

Plaintiff's alleged claims are barred because UPRR exercised due care with regard to the conduct alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE
**(Alleged Damages, if Any, Caused by a Third Person)**

The damages sought by Plaintiff are unavailable to the extent the Plaintiff's alleged damages were caused by one or more acts or omissions of parties other than UPRR.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Additional Defenses)**

UPRR has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during subsequent proceedings. UPRR reserves the right to amend its answer to add or delete affirmative defenses.

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR

**PRAYER FOR RELIEF**

Wherefore, UPRR prays for judgment as follows:

1.      That judgment be entered in favor of UPRR and against Plaintiff with respect to each claim pled in the Complaint and that this action be dismissed with prejudice;

2.      That all relief requested by Plaintiff in the Complaint be denied;

3.      That Plaintiff take nothing by reason of its Complaint;

4.      That UPRR otherwise recover its costs, disbursements, expenses, and attorneys' fees in this proceeding; and

5.      That the Court award UPRR any other relief as it deems just and proper.


Dated: March 19, 2025                              Respectfully Submitted,

                                                   BAKER BOTTS LLP

                                                   By: */s/Allison Watkins Mallick*
                                                   Allison Watkins Mallick
                                                   Baker Botts L.L.P.
                                                   101 California Street
                                                   36th Floor, Suite 3600
                                                   San Francisco, California 94111
                                                   Telephone: (415) 291-6200
                                                   Facsimile: (415) 291-6300
                                                   allison.mallick@bakerbotts.com

                                                   *Attorneys for Defendant*
                                                   Union Pacific Railroad Company

ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND CIVIL PENALTIES AND REMEDIATION
2:24-cv-09956-SRM-JPR