ANTHONY M. BARNES (Bar No. 199048)
Email: amb@atalawgroup.com
ERICA A. MAHARG (Bar No. 279396)
Email: eam@atalawgroup.com
KENYA S. ROTHSTEIN (Bar No. 340854)
Email: ksr@atalawgroup.com
AQUA TERRA AERIS (ATA) LAW GROUP
8 Rio Vista Ave.
Oakland, CA 94611
Telephone: 917-371-8293

[Additional counsel p. 2]

*Attorneys for Plaintiff*
LOS ANGELES WATERKEEPER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a California non-profit association,<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 2:24-cv-09956-SRM-JPR<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: July 17, 2025<br>Time: 2:00 p.m.<br>Courtroom: 5D |

Benjamin A. Harris (Bar No. 313193)
Email: ben@lawaterkeeper.org
Erina Kwon (Bar No. 235079)
Email: erina@lawaterkeeper.org
LOS ANGELES WATERKEEPER
360 E. 2nd Street Suite 250
Los Angeles, CA 90012
Phone: (310) 394-6162


WILLIAM CARLON (Bar No. 305739)
Email: william@carlonlaw.com
LAW OFFICE OF WILLIAM CARLON
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115

*Attorneys for Plaintiff*
LOS ANGELES WATERKEEPER


ALLISON WATKINS MALLICK (State Bar No. 274934)
Email: allison.mallick@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street 36th Floor, Suite 3600
San Francisco, California 94111
Tel: (415) 291-6200
Facsimile: (415) 291-6300

*Attorney for Defendant*
UNION PACIFIC RAILROAD COMPANY

Pursuant to the Court's order, ECF No. 16, Plaintiff Los Angeles Waterkeeper ("Plaintiff" or "Waterkeeper") and Defendant Union Pacific Railroad Company ("Defendant" or "UPRR") submit this Joint Case Management Statement.

A. **Statement of the Case**

    1. **Plaintiff's Position**

Plaintiff Los Angeles Waterkeeper is a non-profit, environmental organization that seeks federal and state agency implementation of the Clean Water Act and, where necessary, directly initiates enforcement actions on behalf of itself and others. Defendant Union Pacific Railroad Company owns and/or operates industrial facilities located at 2442 Carson St., Long Beach, CA 90819; 17225 Arenth Ave., City of Industry, CA 91745; 2401 E. Sepulveda Blvd., Long Beach, CA 90810; and 8636 Sorensen St., Santa Fe Springs, CA 90670 (collectively, the "Facilities"). These four Facilities discharge stormwater to a number of surface waters, including San Jose Creek, Coyote Creek, San Gabriel River, Alamitos Bay, Dominguez Channel Estuary, Los Angeles and Long Beach Harbors, San Pedro Bay, all of which drain to the Pacific Ocean (collectively, the "Receiving Waters"). The Receiving Waters are all waters of the United States.

Defendant's stormwater discharges from the Facilities are regulated by a permit issued by the State of California pursuant to the federal Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 *et seq*: California's Storm Water Permit, National Pollution Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board] Water Quality Order No. 92-12-DWQ, as amended by Order No. 97-03-DWQ, Order No. 2014-0057-DWQ and Order No. 2018-0028 DWQ ("Storm Water Permit" or "Permit"). Waterkeeper alleges claims under the "citizen suit" provision of the Clean Water Act, 33 U.S.C. §§ 1251-1387. The Complaint alleges that Defendants have violated and continue to violate the Storm Water Permit and Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a).

1  Specifically, Plaintiff contends that Defendant has failed to meet their obligations to identify, analyze, and report on activities that have resulted or may result in polluted storm water discharges from the Facility; to implement adequate best management practices ("BMPs") that achieve best available technology economically achievable ("BAT") or best conventional pollutant control technology ("BCT") to prevent such polluted stormwater discharges; and to meet their obligations to identify, analyze, and report on activities regulated by the Permit. Plaintiff has standing to bring this action as its members have been, and continue to be, irreparably harmed by Defendant's polluted stormwater discharges from the Facility. Violations of the Storm Water Permit and the Clean Water Act are ongoing at the Facility.

### 2. Defendant's Position

Defendant denies that its activities at these four Facilities violate the Clean Water Act or the California Storm Water Permit. Defendant alleges the Facilities are in substantial compliance with the Permit, which governs the Facilities and sets BAT and BCT for the Facilities, and is therefore in compliance with the CWA. Reports submitted by UPRR and uploaded to California's Stormwater Multiple Application and Report Tracking System further demonstrate that UPRR has developed and implemented sufficient BMPs, disclosed and addressed exceedances, adequately described the Facilities and pollutant sources, and adequately monitored discharges. Defendant contends that Plaintiff's citizen suit is in excess of the authority granted by the Clean Water Act and the U.S. Constitution, especially insofar as (A) Plaintiff's seek to enforce provisions of the Permit's provisions established under state law; or (B) Plaintiff's seek to enforce against alleged discharges not involving "waters of the United States." Defendant further contends that Plaintiff lacks standing to bring this action, that no live controversy exists under Article III, and further that the alleged violations are "wholly past" under the Supreme Court's precedent in the *Gwaltney* case.

B. **Subject Matter Jurisdiction**

Plaintiff brings this action pursuant to the CWA, 33 U.S.C. § 1365(a)(1) and 28 U.S.C. §§ 1331 and 2201 (an action for declaratory and injunctive relief arising under the Constitution and laws of the United States). This case involves a federal question of law, and Plaintiff contends that it has authority to bring this action under the CWA. 33 U.S.C. § 1365(a)(1). Venue is proper in the Central District of California pursuant to section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the sources of the alleged violations are located within the judicial district.

It is UPRR's contention that the Court lacks jurisdiction for a variety of reasons; for example, if any violations of the Permit have occurred, they are not continuing, thereby depriving this Court of subject matter jurisdiction. UPRR also contends that the Court lacks subject matter jurisdiction because Waterkeeper lacks standing.

C. **Legal Issues**

1. **Plaintiff's Position**

Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant into waters of the United States, unless the discharge complies with the terms of an NPDES permit issued pursuant to section 402 of the CWA, 33 U.S.C. § 1342. Section 402(p), 33 U.S.C. § 1342(p), requires an NPDES permit for stormwater discharges from industrial facilities to waters of the United States. The Storm Water Permit is an NPDES permit issued pursuant to section 402(p) of the CWA, 33 U.S.C. § 1342(p). Non-compliance with an NPDES permit violates the Clean Water Act. 40 C.F.R. § 122.41. The Clean Water Act imposes strict liability: good faith, impossibility, ignorance, and de minimus discharges are no defense. *See Sierra Club v. Union Oil Co.*, 813 F.2d 1480, 1491-92 (9th Cir. 1987), *vacated*, 485 U.S. 931 (1989), *reinstated with minor amendment*, 853 F.2d 667 (9th Cir. 1989).

Waterkeeper alleges that UPRR has violated and is violating the Storm Water Permit and the CWA by:

1. Failing to implement adequate BMPs to reduce pollutants in storm water using BAT or BCT at the Facilities;

2. Discharging storm water with pollutants that exceed numeric effluent limitations;

3. Failing to meet the receiving water limitations of the Storm Water Permit;

4. Failing to adequately develop, and/or implement a storm water pollutant prevention plan that meets the requirements of the Storm Water Permit;

5. Failing to adequately develop, implement, and/or revise a monitoring and reporting plan that meets the requirements of the Storm Water Permit; and

6. Failing to report as required by the Storm Water Permit.

There are currently no counterclaims, crossclaims, or third-party claims in this Action.

**2. Defendant's Position**

Defendant denies Plaintiff's allegations and believes the following legal issues are present:

(1) Whether the Court has subject matter jurisdiction;

(2) Whether Plaintiff has standing;

(3) Whether Defendant's storm water discharges are to waters of the United States;

(4) Whether there have been any violations of the Permit, and whether those violations are ongoing;

(5) Whether there have been any violations of water quality standards caused by Defendant's storm water discharges;

(6) Whether Waterkeeper is entitled to a civil penalty;

(7) Whether Waterkeeper is entitled to injunctive relief; and

(8) Whether Waterkeeper is entitled to recover attorney fees and costs.

**D.    Damages**

Plaintiff is not entitled to nor is it seeking damages. Plaintiff seeks injunctive relief, civil penalties, and fees and costs.

### E. Parties and Evidence

Plaintiff Los Angeles Waterkeeper is a non-profit 501(c)(3) organization. Waterkeeper is dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of local surface waters.

Defendant Union Pacific Railroad Company is a corporation formed in Delaware and registered in California. UPRR owns and/or operates the Facilities.

Plaintiff anticipates that the following percipient witnesses may be called at trial: Defendant's designated representative(s), Plaintiff's and Defendant's consultants, and Waterkeeper members and/or representatives designated to demonstrate Article III standing.

Defendant's initial disclosures will include the following potential percipient witnesses: Michael Villa-Real (UPRR's Manager of Environmental Field Operations); Robyn Kurz, UPRR's Senior Manager Environmental Programs; and potentially others.

Currently, the Parties are able to identify the following key documents on the main issue of whether Defendant has violated various requirements of the Permit:

a. National Pollutant Discharge Elimination System Permit No. CAS000001, i.e., the General Permit;

b. The Storm Water Pollution Prevention Plan ("SWPPP") prepared for each Facility, and any subsequent amendments thereto;

c. Analytical reports of sampling and laboratory analysis of storm water discharged from the Facilities prepared on behalf of Defendant.

d. Various other reports submitted by Defendant to the State of California concerning compliance with the Permit.

### F. Insurance

None.

G. **Manual for Complex Litigation**

The Parties do not believe that the procedures in the Manual for Complex Litigation need to be utilized.

H. **Motions**

The Parties anticipate motions in limine regarding evidentiary issues and admissibility of expert reports and opinions. A proposed schedule with deadlines for filing and hearing motions is set forth below in the proposed pre-trial schedule.

I. **Dispositive Motions**

1. **Plaintiff's Position**

If the matter cannot be resolved, Plaintiff anticipates filing a motion for summary judgment based in part on the legal and factual issues above. Plaintiff believes that all of its claims can and should be resolved at summary judgment, as the claims are, in large part, based on Defendants' own reporting submitted to the Los Angeles Regional Water Quality Control Board under penalty of perjury.

2. **Defendant's Position**

If the matter cannot be resolved, Defendant anticipates filing a motion to dismiss some or all claims or otherwise moving for summary judgment (or partial summary judgment, as the case may be).

J. **Status of Discovery**

The Parties have not conducted discovery to date. The Parties have focused recent efforts on seeking an amicable resolution of this dispute.

Nevertheless, as a first step, UPRR permitted Plaintiff to conduct a site visit of the Facilities and information about the Facilities' stormwater compliance activities has been exchanged. Many of the relevant Permit compliance documents are publicly available to the Parties.

K. **Discovery Plan**

The parties do not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a). The Parties intend to conduct discovery on any

nonprivileged matter that is relevant to any Party's claim or defense and as provided in the Federal Rules of Civil Procedure and work cooperatively to address any disputes that arise during discovery. The Parties have reached agreement on the matters set forth herein. Where no agreement has been reached, the provisions of the Federal Rules of Civil Procedure shall control. The Parties agreed that Initial Disclosures pursuant to Rule 26(a) will be exchanged by September 18, 2025. The Parties do not anticipate that discovery should be conducted in phases.

### 1. Plaintiff's Position

Plaintiff intends to serve requests for admission, interrogatories, inspection requests, and document demands regarding Defendant's methods, practices, and procedures regarding compliance with the stormwater pollution control requirements of the Clean Water Act and the Storm Water Permit at the Facility. Plaintiff also intends to serve discovery regarding Defendant's finances regarding pollution control at the Facility and ability to pay penalties under the Clean Water Act.

### 2. Defendant's Position

Defendant anticipates conducting the following discovery:

1. Information supporting Waterkeeper's factual and legal allegations in its Complaint.

2. Information Waterkeeper has gathered regarding operations at and stormwater discharges from the Facilities.

3. Information concerning Waterkeeper's legal standing to bring this suit.

### L. Expert Discovery

The Parties propose the following schedule for expert reports, rebuttal reports, and the close of expert discovery.

- Initial expert disclosures are due by March 20, 2026
- Rebuttal expert disclosures be due by April 17, 2026
- Close of expert discovery on May 14, 2026

The Parties mutually agree to change these dates if necessary to accommodate expert witness or trial counsel scheduling conflicts or may seek leave of the Court if agreement cannot be reached.

**M.    Settlement Conference/Alternative Dispute Resolution (ADR)**

The Parties are actively exploring a potential resolution of the case. The Parties are amenable to referral to a Magistrate Judge for court ordered mediation.

**N.    Trial Estimate**

Trial would be a bench trial. The Parties estimate that a trial as to liability and remedy will take four to six court days.

**O.    Trial Counsel**

**1.    Plaintiff's Position**

Anthony Barnes, Erica Maharg, and William Carlon will represent Plaintiff at trial.

**2.    Defendant's Position**

Allison Watkins Mallick and Jeffrey H. Wood (*pro hac vice forthcoming*) of Baker Botts LLP will represent Defendant at trial. Additional counsel may be assigned as needed.

**P.    Magistrate Judge**

The Parties do not currently intend to consent to magistrate judge jurisdiction.

**Q.    Independent Expert or Master**

None

**R.    Schedule Worksheet**

The Parties have attached the Schedule Worksheet hereto. The Parties have proposed dates that will allow them to continue to engage in, and hopefully finalize, settlement discussions before significant discovery.

**S.    Class Actions**

Not applicable.

T.  **Patent Cases**

   Not applicable.

U.  **Other Issues**

   None.

Respectfully submitted,

AQUA TERRA AERIS LAW GROUP

DATED:   7/3/2025               /s/Anthony M. Barnes
                                Anthony M. Barnes
                                Erica A. Maharg
                                Attorneys for Plaintiff
                                LOS ANGELES WATERKEEPER

                                BAKER BOTTS L.L.P.

DATED:   7/3/2025               /s/Allison Watkins Mallick
                                Allison Watkins Mallick
                                Attorneys for Defendant
                                UNION PACIFIC RAILROAD CO.

I attest that Defendant's counsel has concurred in the signing and filing of this document.

DATED:   7/3/2025               /s/Anthony M. Barnes
                                Anthony M. Barnes

**DISTRICT JUDGE SERENA R. MURILLO**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. | Case Name: | Los Angeles Waterkeeper v. Union Pacific Railroad Company | |
|---|---|---|---|
| 2:24-cv-09956-SRM-JPR | **Trial and Final Pretrial Conference Dates** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Check one: ☐ Jury Trial  or  ☒ Bench Trial **[Tuesday at 9:00 a.m. within 12-15 months of Scheduling Conference based on complexity]** Estimated Duration: 4-6 Days | | 10/20/2026 | |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions *in Limine* **[Thursday at 2:00 p.m. at least 19 days before trial]** | | 09/24/2026 | |

| Event[1] Note: Hearings shall be on **Thursdays at 1:30 p.m.**[2] Other dates can be any day of the week. | **Time Computation**[3] | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
|---|---|---|---|
| Last Date to **Hear** Motion to Amend Pleadings or Add Parties **[Thursday]** | 6 weeks after scheduling conference | 08/28/2025 | |
| Fact Discovery Cut-Off (no later than deadline for filing dispositive motion) | 24 weeks before FPTC | 04/09/2026 | |
| Expert Disclosure (Initial) | 23 weeks before FPTC | 03/20/2026 | |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | 04/17/2026 | |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | 05/14/2026 | |
| Last Date to **Hear** Motions **[Thursday]** <br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Murillo's website | 12 weeks before FPTC | 07/02/2026 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] <br>Select one: ☒ 1. Magistrate Judge <br>☐ 2. Court Mediation Panel <br>☐ 3. Private Mediation | 10 weeks before FPTC | *Select deadline **and** settlement method.* <br>7/16/2026 | *Select deadline **and** settlement method.* |
| Trial Filings (first round) <br>• Motions *in Limine* <br>• Memoranda of Contentions of Fact and Law [L.R. 16-4] <br>• Witness Lists [L.R. 16-5] <br>• Joint Exhibit List [L.R. 16-6.1] <br>• Joint Status Report Regarding Settlement <br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) <br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 08/27/2026 | |
| Trial Filings (second round) <br>• Oppositions to Motions *in Limine* <br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7] <br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only) <br>• Disputed Proposed Jury Instructions (jury trial only) <br>• Joint Proposed Verdict Forms (jury trial only) <br>• Joint Proposed Statement of the Case (jury trial only) <br>• Proposed Voir Dire Questions, if any (jury trial only) <br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 09/10/2026 | |

---

[1] The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2] By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.
[3] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.