# EXHIBIT 1

 **Outlook**

---

### Los Angeles Waterkeeper v. Union Pacific Railroad Company (C.D. Cal.), Case No. 2:24-cv-09956

---

**From**  Bowen, Bryn (ENRD) <Bryn.Bowen@usdoj.gov>

**Date**  Thu 2/5/2026 1:00 PM

**To**  erina@lawaterkeeper.org <erina@lawaterkeeper.org>; Ben Harris <ben@lawaterkeeper.org>; allison.mallick@bakerbotts.com <allison.mallick@bakerbotts.com>; jeff.wood@bakerbotts.com <jeff.wood@bakerbotts.com>; Kenya S. Rothstein <ksr@atalawgroup.com>; Anthony M. Barnes <amb@atalawgroup.com>; Erica Maharg <eam@atalawgroup.com>

**Cc**  Gordon, David L. (ENRD) <David.L.Gordon@usdoj.gov>

📎 1 attachment (162 KB)

Notification on Receipt of a Clean Air Act or Clean Water Act Citizen Suit Settlement Agreement.pdf;

Counsel –

The Department of Justice has received the proposed settlement agreement in the above-referenced case. Please review the attached document entitled "Notification on Receipt of a Clean Air Act or Clean Water Act Citizen Suit Settlement Agreement," which contains information that the Department of Justice (DOJ) routinely transmits upon receipt of such a settlement agreement. The proposed settlement agreement has been distributed internally for review. We will contact you if we have any questions or comments. If the United States has no comments or objections, you will not receive additional contact regarding this matter. Please email citizensuitdocs.enrd@usdoj.gov if you have any questions about the review process for Clean Water Act and Clean Air Act citizen suit settlement agreements.

Best,

Bryn Bowen
Paralegal Specialist
Law and Policy Section
Environment and Natural Resources Division
202-297-7774



**United States Department of Justice**
Environment and Natural Resources Division

---

## NOTIFICATION ON RECEIPT OF A CLEAN AIR ACT OR CLEAN WATER ACT CITIZEN SUIT SETTLEMENT AGREEMENT

On January 31, 2026, the Department of Justice (DOJ) received your Clean Water Act (CWA) or Clean Air Act (CAA) citizen suit proposed consent judgment.[1] Under Section 505(c)(3) of the Clean Water Act, 33 U.S.C. 1251 et seq., Section 304(c)(3) of the Clean Air Act, 42 U.S.C. 7601 et seq., and 40 C.F.R. 135.5(b), the United States has 45 days from this date to complete the federal review and provide comments.

The proposed consent judgment has been distributed internally for review. **If the United States has no comments or objections, you will NOT receive additional contact regarding this matter.** We will contact the parties or the Court prior to the conclusion of the 45-day review period if we have any questions, comments, or objections. If you do not receive any further communications from us regarding this proposed consent judgment, you may represent that the United States has no comment on this consent judgment.

In light of 42 U.S.C. 7604(c)(3) and 40 C.F.R. 135.5(b), the plaintiff should notify the Court of the statutory requirement that the consent judgment shall not be entered prior to 45 days following the receipt by DOJ and EPA. Plaintiff should also notify the Court of the date on which the Attorney General and the Administrator received copies of the proposed consent judgment.

If counsel has previously communicated a due date to the Court that is different from the date calculated by DOJ, please notify the Court immediately. Also, if you believe there is a risk of premature entry by the Court, please let us know so that we may notify the Court that we are in the process of reviewing the consent judgment. These steps will help ensure compliance with Section 505 of the Clean Water Act and Section 304 of the Clean Air Act and avoid potential questions of validity arising from premature entry of a proposed consent judgment in violation of that section. Finally, please be aware that future revisions to the version you have submitted for review may restart the 45-day review period. (We may, however, choose to waive such subsequent review on request.)

In its review, the United States seeks to ensure that the proposed consent judgment complies

---

[1] The term "consent judgment" in the Clean Water Act and Clean Air Act citizen suit provisions has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case.  For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language.  Such documents and any associated instruments must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials.  The Department monitors citizen suit litigation to review compliance with this requirement.

with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or an environmentally beneficial project payment sufficient to deter future violations, or combinations of the above.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. *See* 33 U.S.C. §1365(c)(3); 42 U.S.C. § 7604(c)(3).